UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT MARZOCCO,

                        Plaintiff,

     -v.-

BILLINGS, Corrections Officer,                                  9:08-CV-83
Upstate Correctional Facility, *et al.*,                  (TJM/GJD)

                        Defendants.

ROBERT MARZOCCO
99-A-2174
Plaintiff, *pro se*

THOMAS J. McAVOY, Senior United States Judge

**ORDER**

      Presently before the court is a letter-motion by plaintiff, asking this court to "deem" service effected upon the "unserved" defendants. (Dkt. No. 27). Defense counsel has also made a motion to dismiss on behalf of the Department of Correctional Services. (Dkt. No. 26). In plaintiff's motion, he states that he has now amended his complaint to add specified, named defendants, but that they have not yet been served. Plaintiff also asks that defense counsel be required to accept service for these "unserved" defendants. *Id.*

      The court notes that when plaintiff filed his original complaint, he named two "John Doe" defendants. (Dkt. No. 1). On February 1, 2008, Magistrate Judge Di Bianco told plaintiff that he must identify these individuals and amend his complaint to add specific names. (Dkt. No. 3). Initially, there was some confusion regarding service of the complaint because plaintiff had paid the filing fee and had not applied for *in forma pauperis* (IFP) status. In the February 1, 2008 order, the court stated that plaintiff would have to serve the complaint himself unless he applied and was granted IFP. *Id.* at 4.

      Plaintiff subsequently applied for and was granted IFP. (Dkt. Nos. 4, 5). Thus, the U.S. Marshal is responsible for effecting service on defendants. In Magistrate Judge Di Bianco's February 1, 2008 order, he recognized that plaintiff could not proceed against the New York State Department

of Correctional Services (DOCS), but did not recommend dismissal as against DOCS *at that time* so that plaintiff could engage in some discovery to attempt to identify the unnamed defendants.[1] *See e.g. Davis v. Kelly*, 160 F.3d 917 (2d Cir. 1998)(retaining supervisory defendants who had no personal responsibility in plaintiff's case in order that he may obtain discovery and identify other defendants).

Plaintiff then amended his complaint to add some specifically named defendants. (Dkt. No. 19). Plaintiff filed his amended complaint on May 9, 2008. *Id.* Magistrate Judge Di Bianco then ordered service upon the new defendants, including Glenn Goord, the former Commissioner of DOCS. (Dkt. No. 20). The defendants named in the new complaint are Corrections Officer Billings; Corrections Officer Desotelle;[2] Corrections Officer G. Caron; Glenn Goord, Former DOCS Commissioner; and DOCS. (Dkt. No. 19). Plaintiff has eliminated the "fictitious" defendants "Joseph Joe" and "Michelle Moe."[3] *Id.*

Plaintiff has requested that this court help him with service. (Dkts. No. 27). Plaintiff's request that the court "deem" service effected on the new defendants may not be granted and, in fact, is premature in any event. The court issued the summonses for the new defendants on May 23, 2008. (Dkt. No. 24). The Marshal may not have had time yet to serve these defendants. Plaintiff is not the only *pro se* IFP plaintiff that the Marshal is assisting with service. Unfortunately, as in all court

---

[1] There were two defendants that plaintiff actually named in his original complaint: "Billings," with no first name and "Deschette," also with no first name, thus, it was unclear whether service would be effected upon those defendants. The court would in fact point out that Billings was not served because he "resigned" from "this facility" shortly after the incident in plaintiff's case, and plaintiff made a mistake regarding "Deschette". (Dkt. Nos. 14 at 2, 23). Defense counsel wrote a letter to the court, stating that although Upstate Correctional Facility had accepted service of the complaint naming Deschette, it was in error, and in fact, there was no such officer at Upstate. (Dkt. No. 23). The court wrote a letter to William Gonzalez, Esq., Deputy Counsel for DOCS requesting some assistance in locating Mr. Billings, however, it does not appear that the court received a response to this request. (Dkt. No. 15).

[2] Plaintiff named defendant Desotelle as a replacement for defendant Deschette.

[3] The court notes that although plaintiff has eliminated the fictitious defendants, the docket sheet still indicates that "Michelle Moe" is a defendant in this case. This court will order the termination of this defendant.

proceedings, there are often delays associated with service. Thus, the court must deny plaintiff's request.

The court notes that defendant DOCS has also made a motion to dismiss. (Dkt. No. 26). It is *clear* from Magistrate Di Bianco's order that the court was well aware that the case could not proceed as against this defendant, but kept the defendant in the case *only* for the preliminary proceedings. *See* Dkt. No. 3 at 3 (citing *Komlosi v. New York State OMRDD*, 64 F.3d 810, 815 (2d Cir. 1995) (the state cannot be sued under section 1983); *Yorktown Medical Laboratory v. Perales*, 948 F.2d 84, 87 (2d Cir. 1991)(no official capacity actions); *Santiago v. New York State Dep't of Correctional Services*, 945 F.2d 25, 28 n.1 (2d Cir. 1991)(agencies of the state may not be sued under section 1983)).

Since plaintiff has now named additional defendants that will be served, the court may now dismiss DOCS as a defendant. Although defendant's motion is not returnable until July 31, 2008, and plaintiff has not had the opportunity to respond, it is also clear that the court "shall dismiss . . . at any time," notwithstanding the payment of any filing fee, if the court determines, *inter alia*, that the complaint fails to state a claim or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(2)(B)(ii) & (iii). In this case, a review of plaintiff's amended complaint shows that he has still named DOCS as a defendant. As stated correctly by Magistrate Judge Di Bianco, plaintiff cannot proceed against DOCS. The Eleventh Amendment prohibits suits for damages against the state itself, state officers in their official capacities, and agencies of the state. *See Komlosi, supra; Yorktown Medical Laboratory, supra; Santiago, supra.*

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion, requesting that the court "deem" the defendants served (Dkt. No. 27) is **DENIED** as premature and unnecessary, and it is

**ORDERED**, that the Clerk of the Court terminate fictitious defendant "Michelle Moe" as a defendant in this action, and it is

**ORDERED**, that the amended complaint (Dkt. No. 19) is **DISMISSED** *only* as against the

New York State Department of Correctional Services pursuant to 28 U.S.C. § 1915(2)(B)(ii) & (iii), and it is

  **ORDERED**, that defendants' motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 26) is **DENIED AS MOOT.**

Dated: June 25, 2008

_/s/ Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge