UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT MARZOCCO,

                              Plaintiff,

      -v.-

BILLINGS, Corrections Officer,                                    9:08-CV-83
Upstate Correctional Facility, *et al.*,                          (TJM/GJD)

                              Defendants.

ROBERT MARZOCCO
99-A-2174
Plaintiff, *pro se*

CHARLES J. QUACKENBUSH
Assistant Attorney General for Defendants

THOMAS J. McAVOY, Senior United States District Judge

## MEMORANDUM DECISION and ORDER

Presently before the court[1] is defendant Goord's motion to dismiss this action for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). (Dkt. No. 32). Plaintiff has responded in opposition to the defendants' motion. (Dkt. No. 39). For the following reasons, this court will deny defendant Goord's motion to dismiss.

## DISCUSSION

**1.**    <u>**Motion to Dismiss**</u>

To survive a motion to dismiss, the plaintiff must provide "the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008)(quoting *inter alia ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). Plaintiff's factual allegations must be

---

[1] The parties are advised that the referral to a Magistrate Judge as provided for under Local Rule 72.3 has been rescinded for purposes of this motion, and as such, any appeal taken from this order, if appropriate, will be to the Court of Appeals for the Second Circuit.

sufficient to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Id.* (citing *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007)). When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). The court must heed its particular obligation to treat *pro se* pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999)(per curiam).

In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000)(citing *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989)). Finally, in the case of a motion to dismiss involving a *pro se* plaintiff, the court may look beyond the complaint to plaintiff's opposition papers. *See Locicero v. O'Connell*, 419 F. Supp. 2d 521, 525 (S.D.N.Y. 2006) (citation omitted).

**2.    Facts**

In plaintiff's amended complaint, he alleges that on January 25, 2005, he was subjected to excessive force by defendants Billings and Desotelle. Amended Complaint (AC) ¶¶ 11-12 (Dkt. No. 19). Plaintiff claims that defendants Billings and Desotelle struck plaintiff, knocking him to the floor and then hit plaintiff from behind while he was face-down on the floor, striking plaintiff in the head, ear, and back. AC ¶ 12. Plaintiff also alleges that the defendants twisted his foot, causing him pain. *Id.* Plaintiff states that he immediately notified defendant Caron, who refused to assist plaintiff and refused to obtain medical attention for him. AC ¶ 13. Plaintiff claims that "[t]he above described abuse was perpetrated openly by the individual defendants under circumstances demonstrating that it was an accepted, customary practice of [sic] Department of Correctional Services personnel at the

facility." AC ¶ 14.

3. **Respondeat Superior**

Personal involvement is a prerequisite to the assessment of damages in a section 1983 case, and *respondeat superior* is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)(citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). In *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986), the Second Circuit detailed the various ways in which a defendant can be personally involved in a constitutional deprivation, and thus be subject to individual liability. A supervisory official is personally involved if that official directly participated in the infraction. *Id*. The defendant may have been personally involved if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong. *Id*. Personal involvement may also exist if the official created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue. *Id*. Finally, a supervisory official may be personally involved if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event. *Id*. *See Iqbal v. Hasty*, 490 F.3d 143, 152-53 (2d Cir. 2007)(citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

In this case defendant Goord moves to dismiss this action against him, arguing that plaintiff has not alleged the requisite personal involvement. Defendant states in his memorandum of law that "[f]ormer Commissioner Goord is not alleged to have had any personal role in the events underlying [plaintiff's] instant claim(s). ***Indeed, [defendant Goord's] name is not listed in the caption of the action or mentioned anywhere in the body of the Complaint***." Def. Mem. of Law at 3 (emphasis added)(Dkt. No. 32). Unfortunately, the defendant appears to have made this motion relying on plaintiff's original complaint and not on the amended complaint that was filed on May 9, 2008. (Dkt. No. 19). Magistrate Judge Di Bianco ordered service of the amended complaint on May 13, 2008.

(Dkt. No. 20).

The amended complaint *specifically names* defendant Goord in the caption, and the body of the complaint is replete with references to this defendant. (Dkt. No. 19). Although the amended complaint does mention the term "*respondeat superior*" in paragraph 25,[2] the amended complaint also states that the excessive force was "consistent with an institutionalized practice" that was "known to and approved of by the defendant Goord, the latter defendant having established a policy and/or practice of deliberate indifference to prisoners safety and welfare . . . ." AC ¶ 18. Plaintiff also states that defendant Goord "established a policy and/or tolerated a custom pursuant to which prisoners were routinely subjected to such excessive force and preposterous conditions of confinement by Department personnel . . . ." *Id.* Plaintiff also states that "defendant Goord had prior notice of the vicious propensities of officer Billings, officer Desotelle, and officer G. Caron, but took no effective steps to train them, correct their failure to responsibly perform their functions or to discourage their abuse of prisoners . . . ." AC ¶ 19.

Whether plaintiff would be able to support any of those allegations is not the subject of a motion to dismiss for failure to state a claim. *See Iqbal v. Hasty*, 490 F.3d at 170. Plaintiff has clearly attempted to allege that defendant Goord either created a policy under which the unconstitutional actions occurred or allowed such a policy to continue. Plaintiff also attempts to allege specific ways that defendant Goord authorized or tolerated the unconstitutional conduct alleged. AC ¶ 20. The creation of a policy or custom is clearly a way to show personal involvement under *Williams v. Smith, supra.* In a motion to dismiss, the court must accept the plaintiff's factual allegations as true. *Erickson v. Pardus*, 127 S. Ct. at 2200. In any event, it is clear from defendant's papers that his

---

[2] The court notes that defense counsel cited paragraph 25 in his memorandum of law, stating that plaintiff inappropriately claims *respondeat superior*, but clearly defense counsel is referring to the original complaint which also mentions *respondeat superior* in paragraph 25. *Compare* Dkt. No. 1 ¶ 25 to Dkt. No. 19 ¶ 25.

argument is *not* addressed to the amended complaint, and his motion to dismiss may be denied on that basis alone particularly when the amended complaint mentions defendant Goord in the caption and in the body of the complaint, contrary to defense counsel's argument.

    **WHEREFORE**, based on the findings above, it is

    **ORDERED**, that defendant Goord's motion to dismiss (Dkt. No. 32) is **DENIED.**

Dated: January 7, 2009

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge